IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON BIDDLE,<br><br>    Plaintiff,<br><br>v.<br><br>GRANDVIEW HOSPITAL,<br><br>    Defendant. | CIVIL ACTION<br>NO. 14-06614 |

**PAPPERT, J.**                                   **MARCH 20, 2015**

<u>MEMORANDUM</u>

  Plaintiff Byron Biddle ("Biddle") alleges that he was racially harassed and then terminated because of his race and in retaliation for complaining about the harassment in violation of Title VII of the Civil Rights Act of 1964. Defendant Grandview Hospital ("Grandview") moves to dismiss the complaint for failure to state a claim upon which relief can be granted. The Court grants the motion.[1]

**Factual and Procedural Background**

  Biddle is an African-American individual who was hired by Grandview in May 2008. (Compl. ¶¶ 8, 10, Doc. No. 1.) Mike Steinhauer, a Caucasian individual, became Biddle's direct supervisor in January 2012. (*Id*. ¶ 12.) Soon thereafter, Steinhauer began denying Biddle the ability to use equipment necessary to perform his job. (*Id*. ¶ 14.) Steinhauer often belittled Biddle in front of other Caucasian co-workers. He once stated that he was "cracking the whip on some of the third shift"—a shift comprised solely of African-Americans. (*Id*. ¶¶ 15-17.) On June 4, 2012, Biddle overheard Steinhauer making comments concerning Biddle's race to a

---

[1] Biddle also alleges, in Count II of his complaint, disability discrimination in violation of the Americans with Disabilities Act. Biddle voluntarily dismisses that claim in response to Grandview's motion. (Pl.'s Opp'n Mot. Dismiss 8.) Count II is therefore dismissed without prejudice.

Caucasian co-worker, Tracy Mathis. Biddle confronted Mathis on June 18, 2012 and told her that he would not tolerate such language or behavior. (*Id.* ¶ 20.) Mathis complained to management after this confrontation. (*Id.* ¶ 21.) While investigating Mathis's complaint, Riccardo Cintado, a manager, met with both Mathis and Biddle. During one of these meetings, Cintado told Biddle that it was "too early to play the race card." (*Id.* ¶¶ 21-22.) Mark Horne and Deborah Schanta, both Caucasian managers, issued Biddle a written warning for confronting Mathis. (*Id.* ¶ 23.) Mathis was not similarly warned. (*Id.* ¶ 24.) These events occurred in July 2012. (*Id.* ¶ 23.)

On July 24, 2012, Biddle filed a formal grievance with Horne and Schanta complaining of race discrimination. (*Id.* ¶ 25.) On August 27, 2012, Schanta asked Biddle about his reasons for filing the complaint and threatened to take Biddle off the work schedule if he did not meet with her. (*Id.* ¶ 26.) Biddle was terminated on March 7, 2013. (*Id.* ¶ 31.) He then applied for an open position with Grandview for which he was qualified, but he was not rehired. (*Id.* ¶ 32.)

On June 7, 2013, Biddle filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and sex discrimination, as well as retaliation. (Def.'s Mot. Dismiss Ex. A.) Biddle filed an Amended Charge of Discrimination with the EEOC on November 1, 2013. (*Id.* Ex. B.) In the Amended Charge, he alleges race and disability discrimination, as well as retaliation. (*Id.*) The EEOC mailed a dismissal and notice of rights with respect to Biddle's Amended Charge on August 22, 2014. (Compl. Ex. A.) Biddle filed a complaint in this Court on November 18, 2014. In Count I he alleges hostile work environment and racial discrimination based on his termination in violation of Title VII.[2] In

---

[2] Count I, titled Racial Discrimination, is styled as a hostile work environment claim. This count never references Biddle's termination, but Biddle nevertheless contends that it includes a racial discrimination claim. (Pl's Opp'n Mot. Dismiss 7.)

Count III (Count II under the ADA having been withdrawn) he alleges retaliation in violation of Title VII.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the factual allegations in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In evaluating a motion to dismiss the Court must "construe the complaint in the light most favorable to the plaintiff." *DelRio-Mocci v. Connolly Props., Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). Courts "must take all of the factual allegations in the complaint as true, but are not bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 132 S. Ct. 2056, 2065 n.5 (2014) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" *Warren Gen. Hosp.*, 643 F.3d at 84 (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). A motion to dismiss will be granted if the factual allegations in the complaint are not sufficient "to raise the right of relief above the speculative level." *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013) (quoting *Twombly*, 550 U.S. at 555).

**Discussion**

Grandview argues that the hostile work environment claim should be dismissed as time-barred. It further contends that Biddle's racial discrimination claim and retaliation claim should be dismissed for failure to plead the requisite elements. Grandview asserts that Biddle failed to allege facts giving rise to an inference of discrimination surrounding his termination and he

failed to allege the essential causal nexus between the formal complaint he filed and an adverse employment action.

*Hostile Work Environment Claim*

To bring a claim pursuant to Title VII of the Civil Rights Act of 1964, a plaintiff must first exhaust his administrative remedies. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). This requires a plaintiff to file a charge of discrimination with the EEOC and procure a notice of the right to sue. 42 U.S.C. § 2000e-5; *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). For Biddle's claims to be timely, he must have filed a Charge of Discrimination within 300 days of the date of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5; *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013) (citing *Mandel*, 706 F.3d at 156)). Unlike discrete acts of discrimination, a hostile work environment claim is a series of separate acts that, when viewed in the collective, amount to an unlawful employment practice. *Mandel*, 706 F.3d at 165. Thus, the entire claim is actionable so long as one act contributing to the hostile work environment falls within the 300 day period. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117 ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile work environment may be considered by a court for the purposes of determining liability.").

Biddle filed his initial Charge of Discrimination with the EEOC on June 7, 2013. (Def.'s Mot. Dismiss Ex. A.)[3] For Biddle's claim to be timely at least one act upon which the hostile work environment claim is based must have occurred on or after August 11, 2012. The claim is founded on discriminatory statements by Biddle's supervisor Steinhauer directed at Biddle and

---

[3] The Court may consider the EEOC Charge of Discrimination without converting Grandview's motion to one for summary judgment. *See e.g.*, *Pension Ben. Guard. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Riley v. St. Mary Medical Ctr.*, No. 13-7205, 2014 U.S. Dist. 57065, 2014 WL 1632160, at *3 n.1 (E.D. Pa. Apr. 23, 2014).

other African American employees, Steinhauer's denial of access to necessary equipment, and the investigation of Mathis's complaint by managers Cintado, Horne, and Schanta. These events all occurred between January 2012 and July 2012. The final act of alleged racial discrimination occurred "in approximately July 2012," (Compl. ¶¶ 23-24) and Biddle filed a formal complaint "on or about July 24, 2012." (*Id.* ¶ 25.)

Biddle opposes Grandview's motion to dismiss by arguing that he "filed a Charge delineating actions for Hostile Work Environment with the EEOC within 300 days of the action." (Pl.'s Opp'n Mot. Dismiss 7.) He further explains that he "complained of racial remarks and disparagement." (*Id.*) The allegations of racial remarks and disparagement all occurred before August 11, 2012. Biddle does not identify any alleged discriminatory act occurring after August 11, 2012.

The Court can identify only three events alleged in the complaint that occurred after August 11, 2012: Schanta's questioning of his reasons for filing the formal complaint and threatening to take him off the work schedule on August 27, 2012, his termination on March 7, 2013, and Grandview's failure to rehire him. The discrete acts of termination and failure to rehire are not actionable as part of a hostile work environment claim. *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006); *see also McCann v. Astrue*, 293 F. App'x 848, 850 (3d Cir. 2008) ("The law makes clear that discrete discriminatory acts that are actionable on their own may not be aggregated under a continuing violation theory."). The remaining event that occurred on August 27, 2012 cannot be aggregated into the hostile work environment claim under the continuing violation theory.[4] To allege a continuing violation, the plaintiff must show that all acts that constitute the claim are part of the same unlawful employment practice and that

---

[4] Although Biddle has not raised this issue in response to Grandview's motion to dismiss, the Court considers the applicability of this equitable exception to the EEOC timely filing requirement.

at least one act falls within the applicable limitations period. *Mandel*, 706 F.3d at 165-66. However, this doctrine "does not apply if a plaintiff was aware of, and had complained about, hostile treatment because 'allowing the plaintiff to avoid the statutory timely filing requirement by invoking the continuing violations doctrine would be inconsistent with the doctrine's equitable premise that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated.'" *Santee v. Lehigh Valley Health Network, Inc.*, 2013 U.S. Dist. LEXIS 179073, 2013 WL 6697865, at *7 (E.D. Pa. Dec. 19, 2013); *see also Bennett v. Susquehanna Cnty. Children & Youth Servs.*, 592 F. App'x 81, 85 (3d Cir. 2014) ("[T]he [continuing violation] doctrine 'does not apply when plaintiffs are aware of the injury at the time it occurred.'" (quoting *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n.6 (3d Cir. 2003))). Here, Biddle was aware that his rights were allegedly violated when he filed a formal complaint on July 24, 2012. His decision to wait more than 300 days to file a charge with the EEOC after he knew of the discrimination bars him from now relying on the August 27, 2012 events to extend his claim into the 300 day filing period.

The Court concludes that the final act of alleged racial discrimination contributing to Biddle's hostile work environment claim may have occurred as late as July 24, 2012. *See Riley*, 2014 U.S. Dist. LEXIS 57065, 2014 WL 1632160, at *3 ("Pinpointing the dates of the allegedly unlawful employment practices is crucial, because Title VII measures the timeliness of an administrative charge from the date 'the alleged unlawful employment practice occurred.'" (quoting *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000))). None of the events contributing to the hostile work environment claim alleged in the complaint occurred after

August 11, 2012.  The hostile work environment claim is time-barred and the claim will be dismissed.

*Racial Discrimination Claim*

Biddle also contends that he alleges a racial discrimination claim pursuant to Title VII in Count I.  (Pl.'s Opp'n Mot. Dismiss 7.)  Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.

To survive a motion to dismiss, the factual allegations in the complaint must give the defendant notice of the basis of plaintiff's claim.  *Fowler*, 578 F.3d at 212.  In employment discrimination cases, this standard requires a plaintiff to plead sufficient factual matter to permit the reasonable inference that he experienced an adverse employment action because of his race.  *See Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (citing *Goosby v. Johnson & Johnson Med., Inc.,* 228 F.3d 313, 318-19 (3d Cir.2000)); *see also Huggins v. Coatesville Area Sch. Dist.*, No. 07-4917, 2008 U.S. Dist. LEXIS 65604, 2008 WL 4072801, at *5 (E.D. Pa. Aug. 27, 2008) ("[A] plaintiff need not plead a *prima facie* case of discrimination in order to survive a motion to dismiss because a *prima facie* case is an evidentiary standard, *not* a pleading standard.").  An inference of discrimination may be developed "in a number of ways, including, but not limited to, comparator evidence, evidence of similar [impermissible] discrimination of other employees, or direct evidence from statements or actions by [plaintiff's] supervisor suggesting [impermissible] animus."  *Golod*, 403 F. App'x at 703 n.2.

7

Biddle does not allege any facts giving rise to the reasonable inference that he was terminated because of his race. Biddle never describes the circumstances surrounding his termination. Nor does he allege, in the context of his termination, that similarly situated individuals outside of his protected class were treated more favorably. Indeed, the complaint is wholly devoid of any facts giving rise to a reasonable inference that Biddle was terminated because of his race. This claim will be dismissed without prejudice.

*Retaliation Claim*

Title VII makes it unlawful for an employer "to discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To survive a motion to dismiss, a plaintiff must allege that (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Groeber v. Friedman & Schuman, P.C.*, 555 F. App'x 133, 135-36 (3d Cir. 2014).

Grandview concedes that Biddle engaged in protected activity when he filed a formal complaint of discrimination on July 24, 2012 and that he suffered an adverse employment action on March 7, 2013 when he was terminated.[5] (Def.'s Mot. Dismiss 17.)

---

[5] Biddle contends that he suffered another adverse employment action when Schanta questioned his reasoning for filing the formal complaint and threatened to remove him from the work schedule if he did not meet with her. (Pl.'s Opp'n Mot. Dismiss 8.) To constitute actionable retaliation, the employment action must be materially adverse and "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). Questioning Biddle's reasoning for filing his complaint and merely threatening to remove him from the work schedule—without more—is not materially adverse. *See, e.g.*, *Baur v. Crum*, 882 F. Supp. 2d 785, 804 (E.D. Pa. 2012) ("Ordering an employee to a meeting under the threat of possible disciplinary action does not constitute an adverse employment action."); *Nagle v. RMA, The Risk Management Ass'n*, 513 F. Supp. 2d 383, 391-92 (E.D. Pa. 2007) (holding that harassing, insulting, and threatening an employee with loss of employment in a 65 minute meeting after she complained of sexual discrimination was not a materially adverse employment action); *Pugni v. Reader's Digest Ass'n*, No. 05-8026, 2007 U.S. Dist. LEXIS 26284, 2007 WL 1087183, at *23 (S.D.N.Y. Apr. 9, 2007) (finding that a supervisor's threat that an employee's days at the company were numbered did not constitute a materially adverse action because the alleged threat was never carried out).

The problem with Biddle's retaliation claim is the absence of a causal link between his formal complaint and the adverse employment action. A plaintiff has the burden of pleading "sufficient factual matter that permits the reasonable inference that [he] was retaliated against because of [his] race." *Golod*, 403 F. App'x at 702. Unusually suggestive temporal proximity between the protected activity and the adverse employment action may be sufficient to create an inference of causality. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality . . . uniformly hold that the temporal proximity must be 'very close.'" (citations omitted)). If the temporal proximity is not unusually suggestive, then the Court may consider whether "the proffered evidence, looked at as a whole, may suffice to raise the inference." *Farrell*, 206 F.3d at 280 (internal citation and quotation marks omitted). The Court may consider: ongoing antagonism or retaliatory animus, inconsistencies in the employer's articulated reasons for terminating the employee, or any other evidence in the record sufficient to support the inference of retaliatory animus. *Id.* at 279-81.

Biddle was terminated more than seven months after formally complaining. This seven month period is not unusually suggestive of retaliatory motive. *Urey v. Grove City Coll.*, 94 F. App'x 79, 81 (3d Cir. 2004) (concluding that an adverse employment action occurring more than four months after the protected activity "is too attenuated to support any inference of improper motive"); *Groeber*, 555 F. App'x at 136 (determining that a three month period between complaint and termination is not unusually suggestive of retaliatory motive). Biddle does not describe any other events occurring between the time he formally complained and the time he was terminated suggestive of a pattern of antagonism or that in any way give rise to an inference

9

of causation. *See Farrell*, 206 F.3d 271, 284 (3d Cir. 2000) ("[A] plaintiff may rely upon a broad array of evidence to [illustrate a causal link for purposes of establishing retaliation.]"). The facts as alleged do not "raise a reasonable expectation that discovery will reveal evidence of [causation]." *Fowler*, 578 F.3d at 213. The claim will be dismissed.

**Leave to Amend**

The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). An amendment is futile "if the complaint, as amended would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1999) (citation omitted). Futility is measured by the same standard of legal sufficiency as under Federal Rule of Civil Procedure 12(b)(6). *Id.*

As a matter of law, the events occurring before August 11, 2012 are not actionable and amending the hostile work environment claim would be futile. *See Riley*, 2014 U.S. Dist. LEXIS 57065, 2014 WL 1632160, at *8 (denying leave to amend plaintiff's time-barred hostile work environment claim because plaintiff cannot cure untimeliness). This claim is dismissed with prejudice. Based on the sequence of events and the timetable pled in the complaint, it seems doubtful that Biddle can present viable racial discrimination and retaliation claims. The Court is nonetheless unwilling to conclude at this stage that Biddle is unable to do so and that amending the complaint would be futile. Biddle is thus granted leave to amend these claims. The amended pleading must allege facts that at least suggest an inference of discrimination surrounding Biddle's termination and a causal link between the termination and the formal complaint.

Failure to do so will leave Biddle's amended complaint subject to dismissal. The racial discrimination claim and the retaliation claim are dismissed without prejudice.

An appropriate order follows.

BY THE COURT:

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.