IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON BIDDLE,<br><br>        Plaintiff,<br><br>v.<br><br>GRANDVIEW HOSPITAL,<br><br>        Defendant. | CIVIL ACTION<br>NO. 14-06614 |

PAPPERT, J.                                                                                                                            JUNE 5, 2015

**MEMORANDUM**

**I.**

Plaintiff Byron Biddle ("Biddle") sued Grandview Hospital ("Grandview") alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"). Grandview moved to dismiss Biddle's initial complaint in its entirety on December 26, 2014. (Doc. No. 5.) In response, Biddle voluntarily withdrew his disability discrimination claim and opposed the dismissal of his hostile work environment, race discrimination, and retaliation claims. (Doc. No. 9.) After careful consideration of Grandview's motion to dismiss and Biddle's response in opposition, the Court granted the motion. Biddle's claims for disability discrimination, race discrimination, and retaliation were dismissed without prejudice and with leave to amend, while Biddle's hostile work environment claim was dismissed with prejudice. (*See* Order, Doc. No. 19.) Biddle filed an amended complaint on April 10, 2015. (Doc. No. 22.) Biddle added only two conclusory allegations[1] in response to the Court's memorandum opinion

---

[1]     In paragraph 23 (mislabeled paragraph 24) Biddle alleged: "Once this complaint was made, Defendants treated Plaintiff differently and sought to have him terminated because of his race and complaining about being

dismissing his claims and does not appear to have re-drafted any of the three counts alleged in his initial complaint.[2]

Grandview moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 24, 2015. (Def.'s Mot. Dismiss, Doc. No. 23.) Grandview also requested an award of fees and costs incurred in connection with the preparation of its motion contending that Biddle's amended complaint "is a classic example of vexatious conduct, taken in bad faith and for oppressive reasons." (*Id.* at 23.)

Biddle's response to Grandview's motion was due on May 11, 2015 under Local Rule of Civil Procedure 7.1(c) (which requires a response within fourteen days) and Federal Rule of Civil Procedure 6(d) (which extends the fourteen day period by three days when service is by electronic means). On May 5, 2015, Biddle requested a fourteen day extension, until May 20, 2015, to respond to the motion. (Doc. No. 24.) The Court granted Biddle's request on May 7, 2015. (Doc. No. 25.) Biddle has not responded to Grandview's motion to dismiss. For the following reasons, Grandview's unopposed motion is now granted in part and denied in part.

**II.**

"Unless the Court directs otherwise, any party opposing a motion shall serve a brief in opposition together which such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. *In the absence of timely response, the motion may be granted as uncontested* except as provided under Fed. R. Civ. P. 56." E.D. Pa. Local R. Civ. P. 7.1(c) (emphasis added). "Local court rules play a significant

---

discriminated against." In paragraph 33 Biddle alleged: "Plaintiff filed a timely charge with the EEOC." (*See* Am. Compl., Doc. No. 22.)

[2] The Court granted Biddle leave to amend Count I which, in the initial complaint read as a hostile work environment claim, to allege a wrongful termination claim. Biddle did not edit this count, and instead realleged the hostile work environment claim the Court dismissed with prejudice.

role in the district courts' efforts to manage themselves and their dockets." *U.S. v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 214 (3d Cir. 2000) (citation omitted). Accordingly, the district courts may exercise their discretion "to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule." *Id.* (citation omitted). "[C]ourts in this District frequently grant uncontested Rule 12(b)(6) motions to dismiss due to plaintiff's failure to file a timely response under Local Rule 7.1(c)." *McGinness v. Nazereth Borough*, No. 13-cv-7087, 2015 WL 1511051, at *2 (E.D. Pa. Apr. 2, 2015) (quoting *Naeem v. Bensalem Twp.*, No. 04-cv-1958, 2005 WL 696763, at *1 (E.D. Pa. Mar. 24, 2005)).

Biddle, who is represented by counsel, has now had forty two days to respond to Grandview's motion to dismiss. No response has been filed. It thus appears that Biddle no longer wishes to pursue this action. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29 (3d Cir. 1991) ("There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked."). The district courts may *sua sponte* grant a motion as uncontested. *See Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 82 n.4 (3d Cir. 2004) ("Local Rule 7.1(c) does not require a motion to grant another motion as uncontested."). Due to Biddle's failure to oppose Grandview's motion to dismiss, the Court grants the motion in part as unopposed. *See Kabacinski*, 98 F. App'x at 82 ("If Kabacinski missed this new deadline, Local Rule 7.1(c) gave the District Court the power to grant Bostrom's motion as uncontested."). The amended complaint is dismissed.[3]

---

[3] As Biddle has had the benefit of Grandview's first motion to dismiss and this Court's memorandum opinion granting that motion, the Court does not consider the merits of Grandview's second motion to dismiss, which does little more, in light of the minimal additions to the amended complaint, than repeat the arguments made in the first motion to dismiss. Additionally, the Court may "rely on the local rule to treat a motion to dismiss as

The Court, however, denies Grandview's request for an award of attorneys' fees and costs. "The decision to impose sanctions is a matter generally entrusted to the discretion of the district court." *Adams v. Ford Motor, Co.*, 653 F.3d 299, 303 (3d Cir. 2011) (citing *Bowers v. NCAA*, 475 F.3d 524, 538 (3d Cir. 2007)). Grandview asks the Court to exercise its inherent power to award attorneys' fees and costs incurred in connection with its response to Biddle's "frivolous" amended complaint. (Def.'s Mot. Dismiss 2.) The Court has the "inherent power to 'assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ferguson v. Valero Energy Corp.*, 454 F. App'x 109, 112 (3d Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). This power also permits the regulation of attorneys. *Id.* (citations omitted). "A court . . . must exercise caution in invoking its inherent power, and must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Id.* (quoting *Chambers*, 501 U.S. at 50). "Thus, 'a finding of bad faith is usually required' before inherent-power sanctions are ordered, and generally a court should not resort to such sanctions unless 'the conduct of a party or an attorney is egregious and no other basis for sanctions exists.'" *Id.* (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 181 & n.4, 189 (3d Cir. 2002)). The Court cannot conclude that Biddle acted in bad faith by filing an amended complaint after the Court granted him leave to do so.[4] Grandview's request for an award of attorneys' fees and costs is denied.

---

unopposed and subject to dismissal without a merits analysis" where, as here, a represented party has not opposed the motion. *See Stackhouse*, 951 F.2d at 29.

[4] Grandview's reliance on *Carlino v. Glouster City High School*, 44 F. App'x 599 (3d Cir. 2002) is misplaced. Though the district court in *Carlino* issued an order to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent powers, the Third Circuit considered, and affirmed, only the district court's imposition of sanctions pursuant to Federal Rule of Civil Procedure 11. 44 F. App'x at 602. Grandview has not requested Rule 11 sanctions.

An appropriate Order follows.

     /s/ Gerald J. Pappert
GERALD J. PAPPERT, J.